John J. Walsh, J.
The defendant-petitioner presents a very olear-eut proposition of law in his petition. Is the refusal of the committing Magistrate to assign counsel on the preliminary hearing sufficient ground for vacating a judgment of conviction upon a plea of guilty to the indictment subsequently returned by the O-rand Jury?
There seems to be no question of fact requiring a hearing since there is no issue raised and the transcript of the preliminary hearing clearly demonstrates what occurred.
On October 24, 1961, the defendant was brought before the Utica Oity Court for a preliminary examination on an information charging robbery. The following appears in the transcript:
*55 " The Court: —- Under the provisions of the law, I am compelled to again read to you this information, in which you are charged with violation of Section 2124, sub. 2 of the Penal Law (Beads information to defendant).
" Briefly, at the time you were originally arraigned you were advised you were entitled to counsel at all the stages of the proceedings, right to an examination to determine if you are to be held for action of the Grand Jury. Yon stated you had no lawyer, a plea of not guilty was entered in your behalf, and you are now before me ready to proceed with the examination, which means the production of witnesses by the People against you to determine whether you should be held for Grand Jury. You are without counsel.
££ Mr. Carney: — I would like counsel.
" Court: — I can’t assign counsel here. Assignment of counsel can he made in County Court, and that Court can not take cognizance of that situation until some action is taken by the Grand Jury. The witness will be sworn, and he will tell his version of it, and yon have right to cross examination.”
The defendant claims that he was denied due process of law because he was forced to cross-examine the witnesses at the preliminary examination who appeared against him without the benefit of counsel. In addition, defendant claims that being without funds, incarcerated, he was unable to present witnesses in his own behalf.
Defendant contends that he was entitled to the aid of counsel at every stage of the proceedings, and the fact that later upon the arraignment on the indictment in County Court he was assigned counsel did not constitute a waiver of Ms rights under section 308 of the Code of Criminal Procedure.
However impelling is defendant’s argument, under the present status of the law governing coram nobis, the application must he denied without a hearing.
Section 308 of the code appears to pertain only to arraignments on the indictment. The aim and purpose of section 308 is to secure the aid of counsel upon the trial. (People ex rel. Acritelli v. Grout, 87 App. Div. 193, affd. 177 N. Y. 587.) Although defendant urges that section 188 of the code provides a similar guarantee of the aid of counsel upon the preliminary examination in Magistrates’ Court, that section does not specifically impose any duty upon a committing Magistrate to assign counsel at such time.
“Whether or not the defendant was informed of his rights and represented by counsel at the preliminary proceeding before the Justice of the Peace becomes unimportant since the defend *56 ant was represented by counsel in all proceedings before the trial court and was assigned counsel immediately upon his arraignment in the Supreme Court.” (People v. Langford, 156 N. Y. S. 2d 751, 753, affd. 4 A D 2d 919.)
‘ ‘ Under the circumstances here, whether or not defendant was represented by counsel at the preliminary hearing before the Magistrate, becomes immaterial since he was later represented by counsel on the trial.” (People v. Wolochen, 15 A D 2d 538; see, also, People v. Neeley, 4 A D 2d 1019; People v. Kulikauskas, 5 A D 2d 690.)
There being no issue of fact requiring a hearing, this application is denied.